```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
RUBEN GUILFUCHI,                         :
                                         :
                          Plaintiff,     :    12 Civ. 4569 (DLC)
                                         :
              -v-                        :    MEMORANDUM OPINION
                                         :         & ORDER
STEPHEN CASEY, Custodian Engineer; NEW   :
YORK CITY DEPARTMENT OF EDUCATION,       :
                                         :
                          Defendants.    :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

The plaintiff, proceeding pro se, brings this action asserting claims of race discrimination in connection with his employment as a cleaner in the New York City Public Schools system. Plaintiff commenced this action by filing a form complaint with this Court's pro se office on June 11, 2012 (the "Complaint"). The Complaint names "Steven Casey, Custodian Engineer" ("Casey") as the only defendant and indicates that the plaintiff is pursuing only claims under the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 ("NYCHRL"). On July 11, the judge to whom this case was previously assigned, acting sua sponte, issued an order directing the Clerk of Court to amend the caption in this case to include the New York City Department of Education ("DOE") as a defendant. On June 11, DOE and Casey filed a joint motion to dismiss the Complaint. An Order of October 16 directed the plaintiff to file any opposition brief or amended complaint by November 16 and notified him that

he would have no further opportunity to amend.  Because, to date, no opposition brief or amended complaint has been filed, the motion will be treated as unopposed.

In moving to dismiss, the defendants argue that DOE is not a proper defendant in this case and that the Court lacks subject matter jurisdiction over claims against Casey.  Defendants are correct that it was error for the Court, sua sponte, to join the DOE as a defendant.  The Complaint does not indicate that the plaintiff intends to assert claims against DOE, and it is well established that individuals hired by a custodian engineer are employees of the engineer and not of the DOE.  As the Second Circuit recently explained,

> the Custodian or [Custodian Engineer] is both a civil servant and an independent contractor.  The Board allots each Custodian a lump sum of money based on the size and other characteristics of the assigned school.  The Custodian uses some of this money to hire cleaners and helpers and to pay for supplies, and, up to a specified limit, he retains the rest for himself.

United States v. Brennan, 650 F.3d 65, 73 (2d Cir. 2011); see also Beck v. Bd. of Educ., 268 A.D. 644, 646-47 (N.Y. App. Div. 2d Dep't 1945).  The plaintiff's Complaint thus properly named Casey as the lone defendant in this action.

As for the plaintiff's claims against Casey, as defendants note, the Complaint does not indicate that the plaintiff intends to assert claims under Title VII of the Civil Rights Act of 1964

("Title VII") or any other statute that would confer federal question jurisdiction and support the bringing of the plaintiff's NYCHRL claims pursuant to this Court's supplemental jurisdiction. See 28 U.S.C. § 1367.

Courts are, of course, obliged to construe filings by pro se parties liberally, Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). But even if the Complaint could be construed to raise a claim under Title VII, dismissal would still be proper, because the plaintiff does not allege that Casey has had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b) (defining "employer" for the purposes of Title VII's liability provisions). While a Title VII defendant wishing to defeat a plaintiff's claim on the ground that it lacks fifteen employees is normally required "to seek summary judgment on that issue if undisputed facts can be presented to defeat coverage," Da Silva v. Kinsho Intern. Corp. 229 F.3d 358, 365-366 (2d Cir. 2000), where the Complaint makes no assertion as to the number of individuals employed by the defendant, the defendant has represented that he falls outside of the statutory definition, and the plaintiff has made no effort to rebut that representation, dismissal may be ordered. Accordingly, it is hereby

ORDERED that defendants' June 11 motion to dismiss is granted, without prejudice to the plaintiff's refiling this

action in state court.  The Clerk of Court is directed to close this case.


SO ORDERED:

Dated:    New York, New York
          December 11, 2012

                                    _____
                                              DENISE COTE
                                    United States District Judge